W. H. AUSTIN et al., Appellees, v. EVERETT PERRY, Appellant.

No. 42897.

JUNE 21, 1935.

W. W. Rankin and E. K. Bekman, for appellant.

Roberts & Roberts, for appellees.

PARSONS, J.—This action was begun April 27, 1934, by the plaintiffs, W. H. Austin and Elmer Austin, filing a petition against Everett Perry, defendant, setting forth that the parties were all farmers and residents of Wapello county, Iowa; that in the fall of 1933 the plaintiffs entered into an oral agreement with the Phoenix Trust Company of Ottumwa, whereby they were given the right to use and cultivate certain described real estate, to wit, 60 acres, for the year March, 1934, to March, 1935, with the right to take possession to do the necessary fall plowing for raising the crop desired for the 1934-1935 season. That they took possession of the premises, and commenced to and did plow a certain part of this land.

A temporary injunction was issued by the court, and the defendant filed an application to dissolve the same; also an answer denying each and every allegation of plaintiffs' petition. The application for dissolution of the injunction set forth that the defendant was in possession of the land in question, alleged to have been leased by the plaintiffs, together with other lands aggregating in all the farm of 207 acres, more or less, and known as the William Miller farm, and that the farm was leased from the receiver in the

foreclosure of a mortgage on said farm in the action of the Phoenix Trust Company v. Miller et al. That the receiver was J. F. Wolf, and that his receivership terminated the 8th day of December, 1934; and after that date the said Phoenix Trust Company became the owner of the farm.

It was agreed in open court that the action should be tried on its merits, instead of on an application to dissolve the injunction, and the parties introduced their evidence and had a full hearing. It appears from the evidence that the land in controversy herein was a part of the 207-acre farm known as the Miller farm; that a mortgage had been foreclosed on it by the Phoenix Trust Company, and a receiver appointed, and that he leased all of the Miller farm to the defendant Perry in the fall of 1932.

That some time in December, 1933, the Phoenix Trust Company got a sheriff's deed under its foreclosure. J. F. Wolf, the receiver, was also an employee of the Phoenix Trust Company and he looked after all their farms, including the Miller farm. He had a talk with Perry about the middle of July, 1933, in regard to leasing the farm for the next year. There was nothing done, however. He made a proposition to Perry who made a counterproposition. Then Wolf got in touch with the plaintiffs, W. H. Austin and Elmer Austin, father and son, and had a talk with them about renting them the 207 acres. They went on the place and did some plowing that fall. One of the plaintiffs commenced plowing before Perry knew about the deal, and Perry came out to where they were plowing and wanted to know how they came to be on the place, to which one of the plaintiffs replied they had talked to Wolf of the Phoenix Company, but it cannot be said positively, under the evidence in the case, that there was any arrangement to lease anything but the entire farm. Plaintiffs claimed they had permission to plow some of the farm, and the plaintiff Elmer Austin, in his testimony, said, "All my conversation and negotiations with Wolf was in regard to the entire farm, and no suggestion was ever made concerning the sixty acres, and sixty acres was not in any way alluded to or talked over, it was for the entire farm." In fact, Elmer Austin testified to a conversation between Perry and Wolf, in which Wolf asked Perry, "Did you get my letter?" and Perry said he did not. Then the conversation led on to the possession of the place. Mr. Perry said he would not stay. Wolf said they would expect it, and Perry said, "I don't know whether you will get it or not." Elmer also said that

he signed the application for injunction; that the 60 acres described and set out in the petition is a part of the whole farm known as the Miller farm. That he did not have any arrangement with Wolf, or with any one else, to run that 60 acres independent of the whole farm; and in response to the question by the court, "Do I understand you that you abandon any claim that you had when it froze up on you?" to which Elmer answered, "No, when it froze up I quit plowing and when they failed to deliver the place to me through forcible entry and detainer proceedings, we take this action for protection."

Perry remained in full possession of the farm, except for the disturbance of the plowing by the plaintiffs, until the receivership terminated and the trust company acquired title to the premises, which was sometime in December, 1933.

The original arrangement by which Perry went on the place was oral between him and Wolf. There were no conditions particularly attached; nothing was done further by Wolf, or the trust company, after getting title, and no notice was ever served upon Perry. In fact, the record shows that he was in possession of the premises, allowed on the part of the trust company, and Wolf, with no fixed termination of his lease, i. e., a tenant at will.

Now the court refused to dissolve the injunction, and entered judgment against the defendant Perry. Perry took an appeal to this court. The questions are, What are the rights of the parties hereto? and, What was involved in the litigation? The plaintiffs had no lease to the entire farm. The defendant was a tenant at will. He continued in possession until after March 1, 1934, without any notice to quit. The question is raised now in this appeal, and in the case all the way through,—Can an action such as this be substituted for an action of forcible entry and detainer? That appears to us to be about the only question involved.

Section 10159 of the Code provided that "any person in the possession of real estate, with the assent of the owner, is presumed to be a tenant at will until the contrary is shown, and thirty days' notice in writing must be given by either party before he can terminate such a tenancy."

Section 10160 provided for the termination of farm tenancies. That in case of tenants occupying and cultivating farms, the notice must fix the termination of the tenancy to take place on the first of

March, except in cases of mere croppers. The defendant was not a cropper.

In section 12279, it is provided that "thirty days' peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to this proceeding", that is, to forcible entry and detainer.

It is undisputed herein that the defendant was in peaceable possession of the premises to the knowledge of the plaintiffs; not only that, but to the knowledge of Wolf and the Phoenix Trust Company, more than thirty days; so under these statutes the defendant was entitled to remain in possession until he was put out by an action for possession. No such action was ever had, except there was an attempt, as disclosed in the evidence, to remove the defendant by forcible entry and detainer, and this was brought in .in an answer by one of the plaintiffs.

Hall, Admr., v. Henninger, 145 Iowa 230, 232, 121 N. W. 6, 139 Am. St. Rep. 412, was a suit to enjoin defendant's ward from interfering with the possession of certain real estate and the alleged right of plaintiff's tenant to occupy and use said premises under a lease. A preliminary injunction was issued, as in this case, and motion to dissolve overruled. Appeal was taken to the supreme court, and the case was reversed.

The court says that the defendant being in possession as a tenant at will had a legal right to not be deprived without statutory notice. It says further, on page 236:

"It is a rule in equity peculiarly applicable to actions in which injunction is sought that such relief will not be granted where there is a plain, speedy, and adequate remedy at law."

In fact, if it is only a question of possession, as here involved, the plaintiffs in this case have no right to question in this sort of proceeding the right of the defendant to keep the premises. There is a plain and adequate remedy at law, and that is forcible entry and detainer, a mere possessory action.

The court winds up, in its opinion in the case above, by saying:

"Finding, as we do, however, that defendant was not a trespasser, but was in actual and continuous possession of the real property in controversy, it is plain that plaintiff misconceived his remedy. He should have taken the proper steps to recover possession of the property, and the court should have dissolved the tempo-

rary injunction on defendant's motion, and should not have awarded him a decree for a permanent injunction."

Therefore, the court should have taken the proper steps on defendant's motion, and should not have awarded a decree for permanent injunction. So we see no escape in this case from the proposition that the defendant herein was in full possession of the whole of the 207 acres known as the Miller farm. That there was no attempt to disturb him in the possession of this; that the plaintiffs in the case had no possession of the 207 acres, nor of any part thereof.

There are other questions argued in this case, but we think the facts we have pointed out clearly show that this decision must be reversed, and therefore, in view of what was said and what this court has said before, we hold that the court below erred in not dissolving the injunction, and hence the action of the court below is reversed.

ANDERSON, C. J., and DONEGAN, KINTZINGER, RICHARDS, and HAMILTON, JJ., concur.